Dortch-Okara, J.
Plaintiff brought this action against defendants Saul J. Goldberg (“Goldberg”) and Levenson, Goldberg and Company (the “Firm”) for malpractice based on the defendants’ failure to provide certain financial information to the plaintiff. Goldberg and the Firm have now moved for summary judgment on the grounds that they had no professional duiy to provide such information, that their actions did not cause the plaintiffs injury and that the plaintiff is collaterally estopped from receiving damages. For the following reasons, this motion is ALLOWED.
BACKGROUND
This action arose from a dispute between the plaintiff, Vanda Cacciola a/k/a Vanda M. Manganella, professionally known as Vanda Mazzeo (“Vanda”) and her estranged husband, Luciano Manganella (“Luciano”). Vanda and Luciano each owned 50% of Jasmine Company, Inc. (“Jasmine”), a company whose assets were to be distributed between them in their divorce action which had been pending since 1987.
Because of her belief that Luciano was siphoning off assets of Jasmine, plaintiff requested financial information regarding Jasmine from Goldberg and the Firm, Jasmine’s certified public accountants. As a result of Goldberg and the Firm’s refusal to produce the requested financial information, Vanda brought this action against them seeking injunctive relief and damages.
In the fall of 1993 Vanda received a property settlement of $1,455,000 in her divorce action against Luciano which included payment for her 50% ownership interest in Jasmine. In return, Vanda relinquished her ownership interest and resigned her directorship and offices in Jasmine. One year later, Vanda settled her claims with defendants Jasmine, Luciano and Percy Pava by filing an agreement for judgment in the amount of $1.00. Goldberg and the Firm are the only remaining defendants in this action.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Injunctive Relief
Count II and part of Count III of the Amended Complaint state claims for injunctive relief by which the plaintiff seeks an accounting and continuous quarterly production of the books and records of Jasmine. However, since the divorce settlement with Luciano required plaintiff to relinquish her ownership interest and offices in Jasmine, she no longer has standing to pursue such relief. Therefore, summary judgment is granted as to Count II and the portion of Count III in which the plaintiff seeks injunctive relief.
II. Negligence
In Counts III and IX of the Amended Complaint the plaintiff asserts that the defendants had a professional duly to provide her with certain financial information regarding Jasmine. She claims that defendants breached this duly and caused her injury.
Massachusetts case law is silent on the issue of whether a certified public accountant has a duty to provide financial information to its client’s shareholders. However, Massachusetts statutes make clear that certified public accountants have a duty to provide *138 information to their clients, and to no one else. Specifically, G.L.c. 112, §87E states:
A licensee shall furnish to his client or former client, upon request and reasonable notice:
(1) a copy of the licensee’s working papers, to the extent that such working papers include records that would ordinarily constitute part of the client’s records and are not otherwise available to the client; and
(2) any accounting or other records belonging to, or obtained from or on behalf of, the client which the licensee removed from the client’s premises or received for the client’s account.
Furthermore, G.L.c. 112, §87E provides that,
(e)xcept by permission of the client engaging a licensee or the heirs, successors or personal representatives of such client, a licensee . . . shall not voluntarily disclose information communicated to him by the client relating to and in connection with services rendered to the client by the licensee in the practice of public accountancy.
Therefore, Goldberg and the Firm only had a professional duty to provide financial information to Jasmine, and could not have provided any information for Vanda without Jasmine’s permission.
In addition, the self-regulating body of the accounting profession, the American Institute of Certified Public Accountants (“AICPA”), has set forth professional standards regarding a certified public accountant’s ethical responsibilities to provide information to affiliates of a corporate client. Specifically, the AICPA states that a CPA has satisfied his or her duty
When all client records and other information, as defined therein, have been supplied, where required, to the individual who has been previously designated or held out as the client’s representative. The member need only supply such information once and need not comply with subsequent requests from the representative, or from other individuals associated with the client entity, to again provide the information.
AICPA Professional Standards §189 at 4908-09 (ET §591.377-78) (1993).
It is not disputed that Luciano has been held out to Goldberg and the Firm as Jasmine’s representative. For example, each year Goldberg and the Firm have sent an engagement letter to Jasmine’s Board of Directors, and each year Luciano has signed the agreement on behalf of Jasmine.
It is also undisputed that Goldberg and the Firm provided annual and interim financial statements and tax returns to Jasmine’s Board of Directors through Luciano, Jasmine’s designated representative. Therefore, according to the AICPA’s professional standards, Goldberg and the Firm have fulfilled their duty to their client Jasmine and had no duty to provide the plaintiff with information they had already given to the corporation through its representative.
The plaintiff further contends that because Jasmine was a close corporation, defendants had a duty to treat it as a partnership and to respond to her request as if she were a partner. Plaintiff has cited no cases which stand for that proposition. Rather, she refers the court to cases in which stockholders of a close corporation are held to have duties similar to partners in a partnership. See Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578 (1975). Vanda has pointed to no case in which a third party is required to treat a close corporation as a partnership. As outsiders of the corporation, it would be unfair to hold Goldberg and the firm to such a high standard.
Alternatively, the plaintiff argues that the defendants owed her a duty to provide financial information because they knew that she would be relying on such information. Again, no Massachusetts cases are cited to support this position.
ORDER
In the absence of a duty to provide requested financial information, defendant’s motion for summary judgment is ALLOWED.